**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>LUIS ENRIQUE CASTRO SOL<br>ROSA MARGARITA CARRASCO<br><br><br><br><br>**Debtor(s)** | **CASE NO.  11-07456**<br>**Chapter   13**<br><br><br><br>**Adversary No. 12-00248** |
| LUIS ENRIQUE CASTRO SOL<br>ROSA MARGARITA CARRASCO<br><br>**Plaintiff**<br><br>**vs.**<br><br>COOPERATIVA A/C ORIENTAL<br><br><br>**Defendant(s)** | <br><br><br><br><br><br><br>**FILED & ENTERED ON 09/06/2013** |

**OPINION & ORDER**

Before this court is Plaintiff's Motion for Partial Summary Judgment [Dkt. No. 23], Defendants' Opposition to Motion for Summary Judgment [Dkt. No. 28], and Plaintiff's Statement of Uncontested Facts [Dkt. No. 23-1]. For the reasons set forth below, the Plaintiff's Motion for Partial Summary Judgment is DENIED.

On August 31, 2011, Debtor/Plaintiff Luis Enrique Castro Solis filed a chapter 7 bankruptcy petition. Plaintiff's chapter 7 case was later converted to chapter 13 on January 26, 2012. Prior to the

current bankruptcy filing, Plaintiff had filed another chapter 13 bankruptcy case in 1999 (the "1999 bankruptcy case") that was completed and discharged on May 5, 2004. During Plaintiff's 1999 bankruptcy case, Defendant, Cooperativa de Ahorro y Credito Oriental, filed proof of claim number 2-1 for an unsecured amount of $10,978.39 (the "1999 POC"). Defendant's 1999 POC was discharged on May 5, 2004. On September 16, 2011, Defendant first appeared in Plaintiff's current bankruptcy case by filing a proof of claim number 2-1 (the "2011 POC") for an unsecured amount of $11,422.97. The 2011 POC appears to collect the same debt owed to the Defendants as the 2009 POC. On April 16, 2012, Plaintiff filed a complaint alleging a violation of the Discharge Order. Defendant subsequently filed a response to such Complaint on June 8, 2012. Plaintiff's Motion for Partial Summary Judgment and Defendant's Opposition followed.

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Under Federal Rules of Civil Procedure, Rule 56(c), made applicable in bankruptcy by Federal Rules of Bankruptcy Procedure, Rule 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the

2

suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in the light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos, 263 B.R. at 388.

In the Summary Judgment Motion presently before the court, Plaintiff argues that there are no genuine issues as to any material facts and that therefore the moving party is entitled to judgment as a matter of law. The Plaintiff asserts that pursuant to 11 U.S.C. § 524(a)(2), a discharge order operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collection or recover from, or offset any discharged debt as a personal liability of the debtor. Therefore, because Defendant's previous 1999 POC was discharged along with Plaintiff's 1999 bankruptcy case, Defendant is not entitled to re-file a POC under the 2011 bankruptcy case for the same debt. Plaintiff further contends that Defendant violated the discharge injunction violation through coercive means by knowingly filing the same proof of claim for the same debt discharged in Plaintiff's previous bankruptcy case.

In opposition, Defendant argues that Plaintiff filed this Complaint to obtain an economic benefit based on false statements in this instant bankruptcy case. More specifically, Defendant contends that Plaintiff omitted in his statement of uncontested facts inclusive, relevant documents such as his bankruptcy petition and schedules and instead provided false and misleading information.

3

Defendant alleges that pursuant to 11 U.S.C. § 727(a), a bankruptcy discharge is an exclusive purview and therefore the debtor must at bare minimum exhibit the utmost honesty and candor in all dealings with bankruptcy court. Defendant further points out that the meaning of bare minimum honesty requirement mandates the Debtor to supplement accurate, complete and dependable information for anyone having reason to look at his Statements and Schedules. Defendant alleges that Plaintiff:

1. omitted his summary and schedules with declaration under penalty of perjury by individual debtor in his1999 bankruptcy filing;

2. included Defendant as a creditor in the current Summary and Schedules, matrix mailing list, Schedule F, legal docket of the 1999 and 2011 bankruptcy cases, Certificate of notice regarding his 341 meeting, and Certificate of notice regarding conversion to a chapter 13 case knowing it was not;

3. listed his debt owed to the Defendant in this instant case and non-existing debt in the accompanying Summary and Schedule F;

4. listed his debts to the Defendant in this instant case, even though such debt was alleged to be discharged in his 1999 bankruptcy case

Defendant also notes that prior to the 2011 bankruptcy case, Defendant was under control and managed by COSSEC a regulatory agency and that COSSEC was not included as a party in this instant adversary proceeding.  Summarily, because the Plaintiff omitted material information in his 1999 bankruptcy case, he is not entitled to seek any remedies for an alleged violation of the discharge injunction as a result of the 2011 POC filing. Conclusively, Defendant argues that whether the Plaintiff violated the bare minimum honesty standard pursuant to 11 U.S.C. § 727(a) is still a genuine issue of material fact.

After reviewing the arguments of the parties, and the relevant law, this Court concludes that there are genuine issues as to material facts and that the moving party is not entitled to judgment as a

4

matter of law.  In a chapter 7 case, with certain exceptions not relevant to this instant case, "[t]he [bankruptcy] court shall grant the debtor a discharge." 11 U.S.C. § 1328(a). Upon entry, such discharge order "discharges the debtor from all unsecured debts provided for by the plan…." 11 U.S.C. § 1328(b). In providing such discharge with teeth, section 524(a)(2) prescribes that a discharge "operates as an injunction against the commencement or continuation of an action ... to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]"

Under 11 U.S.C. § 524, a bankruptcy court's discharge injunction power is enforced by section 105. See Pratt v. General Motors Acceptance Corp. (In re Pratt), 462 F.3d 14, 21 (1st Cir. 2006); Bessette v. Avco Fin. Svcs., 230 F.3d 439, 444 (1stCir. 2000); see also In re Schlichtmann, 375 B.R. 41, 94 (Bankr.D.Mass.2007); In re Collins, 474 B.R. 317, 320 (Bankr. D.Me. 2012). Therefore, a creditor violates the discharge injunction when it "(1) commits an act that violates the discharge injunction with the general intent to commit the act and (2) acts with knowledge of the discharge order." In re Collins, 474 B.R. at 320 (citing In re Schlichtmann, 375 B.R. at 96).

The moving party has the burden of proof to demonstrate that the offending party violated such order and that its actions rose to the level of coercion or harassment required to support a finding of contempt. Id. Although in this Circuit, whether the moving party must show such burden by the "clear and convincing" or "preponderance" standard[1] is still unsettled, this instant case does not call for the court to answer "whether a bankruptcy debtor must prove an alleged violation of the automatic stay (or by analogy, of the discharge injunction) by the heightened evidentiary standard of

5

clear and convincing evidence, which is normally required to establish civil contempt outside of the bankruptcy context.[2] Rather, [this instant case] involved a related but distinct issue: namely, what facts must a debtor adduce to prove a violation." In re Pratt, 462 F.3d at 21. Therefore, this Court will not address the appropriate evidentiary standard.

Regardless, a trial is necessary to adequately adjudicate this instant case on its merits. Although Plaintiff adequately notified Defendant of his discharge as evidenced by Plaintiff's 1999 mailing matrix, Plaintiff subsequently notified Defendant of the same debt that had already been discharged in this instant bankruptcy case. Conclusively, because the Defendant is listed as an unsecured creditor on this instant bankruptcy case, the Defendant cannot be said to have acted outside the bounds of the maxim *volenti non fit injuria* with a general intent to commit such act, namely a repeated filing of a proof of claim for the same debt that was discharged in 1999 amounting to the level of "willful." Id.

Accordingly, genuine issues of material facts remains and a trial should be held to answer the question of whether the Plaintiff violated the bare minimum honesty standard pursuant to 11 U.S.C. § 727(a), and whether the Plaintiff acted in contempt of the court with its subsequent listing of a previously discharged debt in his Schedule F in this instant bankruptcy case. With such genuine

---

[1] See Lamphere v. Brown Univ., 798 F.2d 532, 536 (1st Cir.1986) (defining "clear and convincing" as more than a preponderance but less than beyond a reasonable doubt).

[2] The First Circuit established the "objectively coercive standard in Pratt v. Gen. Motors proclaiming that "even legitimate state-law rights exercised in a coercive manner might impinge upon the important federal interest served by the discharge injunction, which is to ensure that debtors receive a 'fresh start' and are not unfairly coerced into repaying discharged prepetition debts." 462 F.3d at 19.  In terms of harassment, the First Circuit has yet to set forth a definition for harassment, however, legislative history reveals that the Congress clearly intended that any behavior engaged in by a creditor that pressures a debtor to repay a discharged debt in any way is prohibited by § 524.   In re Collins, 474 B.R. 317, 320 (Bankr. D. Me. 2012); Senate Report No. 95–989 ("[11 USC 524(a)] has been expanded ... to cover any act to collect, such as dunning by telephone or letter, or indirectly through friends, relatives, or employers, harassment, threats

issues of material facts at hand, this Court will not address further into the merits of the case prior to the trial.

WHEREFORE, IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment shall be, and it hereby is, DENIED. Clerk to schedule a final pre trial hearing.

SO ORDERED

San Juan, Puerto Rico, this 6th day of September, 2013.

Brian K. Tester
U.S. Bankruptcy Judge

of repossession, and the like. The change is ... intended to insure that once a debt is discharged, the debtor will not be pressured in any way to repay it."